LOVEJOY & ASSOCIATES
Attorneys for Petitioner
Tahir Hamid
276 Center Road
Easton, Connecticut 06612
Telephone (203) 459-9941
Telecopier (203) 459-9943
Email:  Lovejoyadm@aol.com
Frederick A. Lovejoy (FL-0722)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TAHIR HAMID,

              Petitioner,              Docket No.: 1:11-CV-920 (DLC)(HBP)

   -against-                                  EFC Case

HABIB BANK LIMITED and
NATIONAL BANK OF PAKISTAN,

              Respondents.           April 22, 2011
-----------------------------------------------------------x

PLAINTIFF TAHIR HAMID'S MEMORANDUM OF LAW IN SUPPORT OF
ORDER: 1) DIRECTING TURNOVER OF ASSETS AND WRIT OF EXECUTION,
2) DISCLOSURE OF ASSETS, AND 3) RESTRAINING ORDER AGAINST
DEFENDANTS HABIB BANK LTD. AND NATIONAL BANK OF PAKISTAN

                                                     Lovejoy & Associates
                                                       Attorneys for Plaintiff,
                                                       Tahir Hamid
                                                      Frederick A. Lovejoy (FL-0722)
                                                      276 Center Road
                                                      Easton, Connecticut 06612
                                                      (203) 459-9941
                                                       (203) 459-9943 (telefax)

# TABLE OF AUTHORITIES

**CASES:** **Page**

Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y. 3d 303, 926 N.E. 2d, 1202
(Ct. of App. 2010).......................................................................................................... 4

JW Oilfield Equipment, LLC v. Commerzbank AG, _____ F.Supp. 2d _____,
2011 WL 507266 (S.D.N.Y.) 78 Fed.R.Serv. 3d 699 (S.D.N.Y. 2011) ................................ 5, 6

Koehler v. Bank of Bermuda, 544 F.3d 78 (2d Cir. 2008),
(certified question answered in the affirmative) 12 N.Y. 3d 533
(Ct. of Appeals 2009), remanded, 577 F.3d 497 (2d Cir. 2009) ........................................ 3

Koehler v. Bank of Bermuda, 577 F.3d 497 (2d Cir. 2009).............................................. 4

LOVEJOY & ASSOCIATES
Attorneys for Petitioner
Tahir Hamid
276 Center Road
Easton, Connecticut 06612
Telephone (203) 459-9941
Telecopier (203) 459-9943
Email: Lovejoyadm@aol.com
Frederick A. Lovejoy (FL-0722)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TAHIR HAMID,

                Petitioner,                Docket No.: 1:11-CV-920 (DLC)(HBP)

   -against-                            EFC Case

HABIB BANK LIMITED and
NATIONAL BANK OF PAKISTAN,

                Respondents.             April 22, 2011
-----------------------------------------------------------x

PLAINTIFF TAHIR HAMID'S MEMORANDUM OF LAW IN SUPPORT OF
ORDER: 1) DIRECTING TURNOVER OF ASSETS AND WRIT OF EXECUTION,
2) DISCLOSURE OF ASSETS, AND 3) RESTRAINING ORDER AGAINST
DEFENDANTS HABIB BANK LTD. AND NATIONAL BANK OF PAKISTAN

     Now comes plaintiff Tahir Hamid, by and through his counsel Lovejoy & Associates, and in support of plaintiff's Motion for Order: 1) Granting the Petitioner Tahir Hamid's petition and Directing Turnover of Assets and Writ of Execution, 2) Disclosure of Assets, and 3) Restraining Order, submits the following:

## BACKGROUND

     In 1995, the plaintiff Tahir Hamid's (hereinafter "plaintiff") predecessors, i.e., Shaheen Sports, Inc. and Tajmahal Sports Company, in interest purchased four insurance policies insuring

1

sporting goods that were transported by ocean carrier. During the period of insurance coverage, a large percentage of the insured goods were damaged/destroyed.

Thereafter, the plaintiff submitted a claim to Asia Insurance Company, Ltd., which it denied. Subsequent to that denial of coverage, the plaintiff filed an action in the U.S. District Court for the Southern District of New York, denoted as Shaheen Sports, Inc. and Tajmahal Sports Company v. Asia Insurance Company, Ltd. (Underwriters Subscribing to Certificates of Marine Insurance Nos. 19148, 19149, 19150 and 19161), 98 Civ. 5951 (RLC). (See Exhibit 1)

Asia Insurance Company, Ltd. then filed a Motion to Dismiss which was denied by U.S. District Judge Robert L. Carter on April 5, 2000. Following the denial of its Motion to Dismiss, Asia Insurance Company, Ltd.'s counsel filed a Motion to Withdraw on May 12, 2000 (See Docket Nos. 14 and 15 of Exhibit 1) because Asia Insurance Company, Ltd. had not paid its counsel its fees and expenses, which the Court granted.

Thereafter, Asia Insurance Company, Ltd. did not retain substitute counsel, and the plaintiff obtained a judgment in the amount of $369,423.91 (See Exhibit 1 at Docket Nos. 31 and 32), with post-judgment interest of $73,159.49, for a total of $431,216.59.

Following the entry of the judgment against Asia Insurance Company, Ltd., the plaintiff has attempted to locate assets of Asia Insurance Company, Ltd. in the United States and/or Europe to satisfy the judgment, but without success to date.

After extended investigation, the plaintiff was able to determine that two Pakistani banks, i.e., defendants Habib Bank Limited and National Bank of Pakistan, possess assets of Asia Insurance Company, Ltd. in their Lahore, Pakistan offices and/or other offices located in Pakistan. Moreover, both defendants Habib Bank Limited and National Bank of Pakistan maintain offices in the City of New York within the jurisdiction of this Court. Those "branch"

offices are <u>not</u> independently incorporated New York corporations, but branch offices controlled and governed directly by the main office of each respondent bank in Pakistan. (See Exhibits 2 and 3)

As such, the plaintiff commenced this action on February 10, 2011. Thereafter, on February 28, 2011, both of the defendants Habib Bank Limited and National Bank of Pakistan were served with:

1) Summons;
2) Petition Pursuant to Rule 69(a) and N.Y. C.P.L.R. Articles 4 and 52 for Special Proceeding and Turnover of Non-Party Judgment Debtor's Property;
3) Affidavit of Frederick A. Lovejoy in Support of Petition Pursuant to Rule 69(a) and N.Y. C.P.L.R. Articles 4 and 52;
4) Notice of Assignment, dated 2/16/2011
5) Subpoena and Restraining Notice to Garnishee; and
6) Exemption Claim Form

(See Dockets Nos. 6 and 7, and Exhibits 4 and 5 attached hereto)

Regrettably, neither defendant Habib Bank Limited nor defendant National Bank of Pakistan has appeared and answered. Besides failing to appear and/or answer, both defendants have additionally failed to comply with the Subpoenas and Restraining Orders served on them on February 28, 2011, pursuant to Fed.R.Civ.P., Rule 69, and N.Y.CPLR 52. (See Exhibits 6 and 7 attached hereto)

## LEGAL ARGUMENT

The issue of whether the U.S. District Court for the Southern District of New York can order that a foreign bank with a branch in New York turnover a judgment debtor's assets held by that bank's parent corporation or one of the bank's "sister" branches outside the confines of the State of New York with the Clerk of Court was squarely and unambiguously answered in the affirmative in <u>Koehler v. Bank of Bermuda</u>, 544 F.3d 78 (2d Cir. 2008), (certified question

answered in the affirmative) 12 N.Y. 3d 533, 538 (Ct. of Appeals 2009), remanded, 577 F.3d 497 (2d Cir. 2009)

In the first Koehler case, the Second Circuit was not able to resolve, on its own, the question of whether a District Court had the power to order a bank subject to the jurisdiction of the court, but without the judgment debtor's assets actually located in New York, to turn over property of a judgment debtor in the possession of a bank branch not located in New York. As such, the Second Circuit Court of Appeals certified that question to the New York Court of Appeals, which answered in the affirmative and held that a New York court with personal jurisdiction over a garnishee can command the garnishee to bring property, or its cash equivalent, from an outside location into New York in order to satisfy the judgment. "The Court of Appeals held 'that a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee.'" Koehler v. Bank of Bermuda, 577 F.3d 497, 499 (2d Cir. 2009)

Interestingly, one impediment that the petitioner had to overcome in the Koehler case, that is not present herein, was the issue of whether or not the subsidiary bank incorporated in New York was so controlled by its parent as to be treated as a single entity. Here, that issue is not present because both defendants Habib Bank Limited and National Bank of Pakistan established branches of the Pakistani incorporated banks in New York. (See Exhibits 2 and 3)

Again, in Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y. 3d 303, 926 N.E. 2d, 1202 (Ct. of App. 2010) held that:

> . . . a court with personal jurisdiction over a nondomicilitary present in New York has jurisdiction over that individual's tangible or intangible property, even if the situs of the property is outside New York. (cf. Koehler, 12 NY 3d at 539)

Id. at 12.

Additionally, the Second Circuit Court of Appeals stated in respect to Fed. R. Civ. P. Rule 69(a)'s reach in <u>Koehler</u>:

> Under Federal Rule of Civil Procedure 69(a), a district court has the authority to enforce a judgment by attaching property in accordance with the law of the state in which the district court sits. In New York, that law is the New York Civil Practice Law and Rules. <u>Section 5225 authorizes a court to order the delivery of property that belongs to a judgment debtor but is not in his possession</u>. N.Y. C.P.L.R. 5225(b). A similar proceeding is available when a debt is sought from a person who is or will be indebted to the judgment debtor. N.Y. C.P.L.R. 5227. Koehler invoked both provisions in his October 1993 petition. We assume, without deciding at this juncture, that the stock Koehler sought was property of Dodwell that would be subject to judgment enforcement, under N.Y. C.P.L.R. 5201, were it located within New York. (footnote omitted)

<u>Supra</u> at 85. (emphasis added)

In the recent decision of <u>JW Oilfield Equipment, LLC v. Commerzbank AG</u>, ___ F.Supp. 2d ___, 2011 WL 507266 (S.D.N.Y.) 78 Fed.R.Serv. 3d 699 (S.D.N.Y. 2011), the respondent Commerzbank AG objected to turning over assets it held in Germany to the Court registry. Judge Castel, however, held:

> In this case, Commerzbank does not dispute that this Court has personal jurisdiction over it. Under N.Y. CPLR § 301, New York courts may exercise general jurisdiction over a foreign corporation where that corporation is "engaged in such a continuous and systematic course of 'doing business' here [in NY] as to warrant a finding of its 'presence' in this jurisdiction." *Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1965). Such "general" jurisdiction, predicated upon corporate presence, " 'does not fail because the cause of action sued upon has no relation in its origin to the business here transacted.' " *Laufer v. Ostrow*, 55 N.Y.2d 305, 313, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982) (quoting *Touza v. Susquehanna Cool Co.*, 220 N.Y. 259, 268, 115 N.E. 915 (1917)).
>
> <u>Commerzbank admits that it does business in New York systematically and continuously through its New York branch, which is not incorporated and is not an entity separate from the German bank</u>. This Court has general personal jurisdiction over Commerzbank, and thus under *Koehler*, this Court may issue a turnover order under N.Y. CPLR § 5225(b) directing Commerzbank to turn over funds up to the amount of the judgment, regardless of whether those accounts are held in Germany or New York. (emphasis added)

The situation, herein, is thus identical to that in <u>Commerzbank</u>; i.e., foreign incorporated banks with unincorporated branches in New York City, and no assets of the judgment debtor in New York, but assets of the judgment debtor located in the bank's overseas office(s).

The Court further stated:

> Commerzbank argues that allowing Oilfield to execute on the judgment in New York would give Oilfield greater rights than the judgment debtor, because JJS could not withdraw funds from the New York Branch. However, the pertinent question is not whether JJS would be able to withdraw funds directly from the New York branch. The question, rather, is whether JJS, if it were in New York, could direct the *entity*, Commerzbank, to pay over the money it holds on deposit in JJS's name in Germany, to an account in New York. Commerzbank makes no claim that JJS lacks such a right.
>
> <u>This Court has *in personam* jurisdiction over Commerzbank by virtue of its presence in New York, creating general jurisdiction over the entire entity</u>. This "general" jurisdiction " 'does not fail because the cause of action sued upon has no relation in its origin to the business here transacted.' " *Laufer v. Ostrow,* 55 N.Y.2d 305, 313, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982) (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 268, 115 N.E. 915 (1917)). <u>The order here would issue against the entity, not against the New York branch, and Commerzbank has put forth no evidence that it could rightfully refuse to pay over the assets it holds to a location in New York</u>. Oilfield is not asserting any greater rights as a judgment creditor than those JJS has as a customer of the bank.
>
> Because this Court undisputedly has personal jurisdiction over the bank based on its presence here, this Court has the authority, under N.Y. CPLR § 5225(b), to order Commerzbank to turn over funds to a New York-based account designated by Oilfield.

(emphasis added)

Thus, it is clear that this Court has the authority to direct that the defendants Habib Bank Limited and National Bank of Pakistan turn over assets of the judgment debtor Asia Insurance Company, Ltd., which it holds in Pakistan, to the Clerk of this Court and/or to plaintiff's counsel.

## CONCLUSION

Based on the foregoing, the plaintiff Tahir Hamid respectfully requests that this Court: 1) grant its motion for a turnover of assets and writ of execution, 2) issue an Order directing the

defendants to disclose all assets owned or to which Asia Insurance Company, Ltd. has an interest in any Habib Bank Limited and/or National Bank of Pakistan office/branch, including but not limited to those in Pakistan, and 3) issue an Order restraining the defendants from selling, assigning, transferring or allowing any interference with any assets/property of Asia Insurance Company, Ltd. up to and including the sum of USD 431,216.59.

| | |
|---|---|
| Dated: Easton, Connecticut<br>April 22, 2011 | LOVEJOY & ASSOCIATES<br>Attorneys for Plaintiff<br>Tahir Hamid |
| | By:    /s/ Frederick A. Lovejoy<br>Frederick A. Lovejoy (FL-0722)<br>276 Center Road<br>Easton, Connecticut 06612<br>(203) 459-9941<br>(203) 459-9943 fax<br>Email: Lovejoyadm@aol.com |

HamidBrief4-11.doc

<u>CERTIFICATION</u>

     I hereby certify that on April 22, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/EFT System.

Habib Bank Limited
60 East 42nd Street
New York, New York 10169

National Bank of Pakistan
100 Wall Street, 21st Floor
New York, New York 10005

                                                                  /s/ Frederick A. Lovejoy
                                                FREDERICK A. LOVEJOY